UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------------------x
  Daria Mileva,
  individually and on behalf of all others similarly situated;

                    Plaintiff(s),                              Index No: 1:20-cv-123



        -against-                                 Demand for Trial by Jury

  Trans Union, LLC,                            Class Action Complaint
  Equifax Information Services, LLC,
  Experian Information Solutions, Inc.,
  Fifth Third Bank,
  and John Does 1-25.


                Defendant(s).
------------------------------------------------------------------------x

## COMPLAINT

        Plaintiff Daria Mileva (hereinafter "Plaintiff"), an Illinois state resident, bring this Class Action Complaint by and through her attorneys, and as and for her Complaint against Defendant Trans Union, LLC (hereinafter "Trans Union"), Defendant Equifax Information Services, LLC (hereinafter "Equifax"), Defendant Experian Information Solutions, Inc. (hereinafter "Experian") and Defendant Fifth Third Bank (hereinafter "FTB"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiffs resides here, and Defendant transacts business here.

3. Plaintiffs brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. Plaintiff is a resident of the State of Illinois, County of Cook, residing at 3512 Prestwick Lane, Northbrook, IL 60062.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of New York, and may be served with process upon The Prentice Hall Corporation System, its registered agent for service of process at 801 Adlai Stevenson Drive, Springfield, IL 62703.

8. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Illinois, and may be served with process upon Illinois Corporation Service Company its registered agent for service of process at 801 Adlai Stevenson Drive, Springfield, IL 62703.

11. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

12. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

13. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Illinois, and may be served with process c/o CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

14. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning

consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

15. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant FTB is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 38 Fountain Square Plaza, Cincinnati, OH, 45263.

17. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

18. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

19. The Class consists of:

    a.   all individuals with addresses in Illinois;

    b.   for whom FTB issued a trial modification;

    c.   that required the consumer to make three trial payments;

    d.   and FTB continued to report the mortgage as late to the credit bureaus (defined as but not limited to Experian, Equifax and Trans Union);

    e.   despite the required payment being made on time every month of the trial term;

      f.  for which these false late payments were being reported on a consumer's credit report within five (5) years prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

20. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

21. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

22. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant FTB has been reporting debts as delinquent that were currently being paid, as well as the Bureaus' failure to recognize this information and update it properly upon being made known by consumers.

23. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issues are whether the Defendants' reporting of past due for a debt currently being paid under a mortgage modification by a consumer, as well as the failure to delete inaccurately reported trade lines timely upon a dispute, violate 15 U.S.C. § l692n and §1692o.

    c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel has any interest which might cause them not to vigorously pursue the instant class action lawsuit.

      e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

25. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

28. On July 31, 2009, Plaintiff entered into a mortgage agreement with FTB for the purchase of a home located at 3512 Prestwick Lane, Northbrook, IL 60062.

29. By letter dated November 2, 2017, Defendant FTB made an offer to Plaintiff to permanently modify her mortgage agreement under a proposed Trial Period Plan ("Trial Plan").

30. The Trial Plan was signed and executed by Glenn Meadows, Senior Vice President of Defendant FTB.

31. The Trial Plan stipulated that Plaintiff could accept Defendant FTB's offer to permanently modify her mortgage by making the first of three reduced monthly mortgage payments by the end of the month in which the first reduced monthly mortgage payment became due, December 2017.

32. The Trial Plan further stipulated that the offer would be revoked upon Plaintiff's failure to pay the first reduced monthly mortgage payment by the end of the month in which it became due, December 2017.

33. In order to successfully complete the program, Plaintiff had to make three reduced monthly mortgage payments of $2,539.22 each in December 2017, January 2018, and February 2018, respectively.

34. Plaintiff made her first required monthly mortgage payment of $2,539.22 on December 13, 2017.

35. Plaintiff made the second and third monthly mortgage payments in the months they became due, January 2018 and February 2018, respectively.

36. Defendant FTB approved the loan modification request on April 10, 2018 and Plaintiff's mortgage was modified due to her successful completion of the Trial Plan.

<u>Equifax Dispute and Violations</u>

37. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning Plaintiff that included inaccurate information.

38. The inaccurate information furnished by Defendant FTB and published by Defendant Equifax is inaccurate since it contains late payments notations for the months of December 2017, January 2018, February 2018 and March 2018.

39. Specifically, the Plaintiffs received a trial modification on this mortgage beginning in December 2017 and made payments during the months of December 2017, January 2018 and February 2018, which were being labeled as 120 days past due in addition to a 120-day delinquency for March 2018.

40. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

41. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting, in a letter, on or around January 29, 2019.

42. It is believed and therefore averred that Defendant Equifax notified Defendant FTB of the Plaintiffs' disputes.

43. Upon receipt of Plaintiff's dispute of the account by Equifax, FTB failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer reports with respect to the disputed account, including derogatory information being reported by Equifax that Plaintiff was considered to be 180 days delinquent on her mortgage for the months of December 2017, January 2018, February 2018 and March 2018.

44. Despite Plaintiff's dispute that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially

reasonably verify that the derogatory information concerning the disputed account was inaccurate.

45. Notwithstanding Plaintiff's efforts, Defendant has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

46. As of the date of the filing of the filing of this Complaint, Defendant FTB continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

47. Defendants' erroneous reporting continues to affect the Plaintiffs creditworthiness and credit score.

48. As a result of Defendants' conduct, Plaintiffs have suffered decreased credit scores as a result of the inaccurate information on the Plaintiffs credit files.

Trans Union Dispute and Violation

49. On information and belief, on a date better known to Defendant Trans Union, Trans Union prepared and issued credit reports concerning Plaintiff that included inaccurate information.

50. The inaccurate information furnished by Defendant FTB and published by Defendant Trans Union is inaccurate since it contains late payment notations for the months of December 2017, January 2018, February 2018 and March 2018.

51. Specifically, Plaintiff received a trial modification on this mortgage beginning in December 2017 and made payments during the months of December 2017, January 2018 and February 2018, which are being labeled as 120 days past due in addition to a 120-day delinquency for March 2018.

52. Defendant Trans Union has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

53. Plaintiff notified Trans Union that she disputed the accuracy of the information Trans Union was reporting, in a letter, sent on or around January 29, 2019.

54. It is believed and therefore averred that Defendant Trans Union notified Defendant FTB of Plaintiff's dispute.

55. Upon receipt of Plaintiff's dispute by Trans Union, FTB failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer reports of Plaintiff with respect to the disputed account, including multiple late payment notations.

56. Additionally, despite receiving notice of Plaintiff's dispute, FTB failed to mark the account as disputed.

57. Despite the dispute by Plaintiff that the information on her consumer reports was inaccurate with respect to the disputed account, Trans Union did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

58. Defendant Trans Union sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information.

59. As of the date of the filing of the filing of this Complaint, Defendant FTB continues to furnish credit data which is inaccurate and materially misleading, and Defendant Trans

Union's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

60. Defendants' erroneous reporting continues to affect the Plaintiffs creditworthiness and credit score.

61. As a result of Defendants' conduct, Plaintiffs have suffered a decreased credit score as a result of the inaccurate information on the Plaintiffs credit files.

<u>Experian Dispute and Violations</u>

62. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiffs that included inaccurate information.

63. The inaccurate information furnished by Defendant FTB and published by Defendant Experian is inaccurate since it contains late payments for months in which the Plaintiffs was paying on time, in addition to the month immediately following.

64. Specifically, the Plaintiffs received a trial modification on this mortgage beginning in December 2017 and made payments during the months of December 2017, January 2018 and February 2018, which are still being labeled as 120 days past due in addition to a 120-day delinquency for the month of March 2018.

65. Defendants have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

66. Plaintiff notified Experian that she disputed the accuracy of the information Experian was reporting, by letter dated on or about January 29, 2019.

67. It is believed and therefore averred that Defendant Experian notified Defendant FTB of the Plaintiff's dispute.

68. Upon receipt of Plaintiff's dispute by Experian, FTB failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer report with respect to the disputed account, including the four 120 days past due late payment notations referenced above.

69. Additionally, despite receiving notice of Plaintiff's dispute, FTB failed to mark the account as disputed.

70. Despite Plaintiff's dispute that the information on her consumer report was inaccurate with respect to the disputed account, Experian did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

71. Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

72. As of the date of the filing of the filing of this Complaint, Defendant FTB continues to furnish credit data which is inaccurate and materially misleading, and Defendant Experian's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

73. Defendants' erroneous reporting continues to affect the Plaintiffs creditworthiness and credit score.

74. As a result of Defendants' conduct, Plaintiffs have suffered decreased credit scores as a result of the inaccurate information on the Plaintiffs credit files.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Trans Union)

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

76. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

77. Trans Union violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning Plaintiff.

78. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

g) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

79. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

80. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

81. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

83. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

84. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit files of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of Plaintiff.

85. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit reports of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

    g)   The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

86. As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

87. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

88. Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

90. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

91. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files that Equifax maintained concerning Plaintiff.

92. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by Plaintiff that the information was inaccurate;

   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

93. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

94. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

95. Plaintiff are entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **FOURTH CAUSE OF ACTION**
### **(Negligent Violation of the FCRA as to Equifax)**

96. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

97. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

98. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit files of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of Plaintiff.

99. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by Plaintiff that the information was inaccurate;

f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

g) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

100.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

101.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

102.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

103.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

104.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

105.     Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files that Experian maintained concerning Plaintiff.

106.     Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b)  The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by Plaintiff;

   c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d)  The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e)  The continual placement of inaccurate information into the credit reports of the Plaintiff after being advised by the Plaintiffs that the information was inaccurate;

f)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

g)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

107.   As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

108.   The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

109.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

110.   Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

111.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

112.     Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit files of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of Plaintiff.

113.     Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiffs after a reasonable request by the Plaintiffs;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit reports of the Plaintiffs after being advised by Plaintiff that the information was inaccurate;

   f) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

   g) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

114. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

115. The conduct, action and inaction of Experian was negligent, entitling the Plaintiffs to damages under 15 U.S.C. § 1681o.

116. The Plaintiffs are entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant FTB)

117. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

118. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

119. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

120. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff.

The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

121.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

122.     The Defendant FTB violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

123.     Specifically, the Defendant FTB continued to report this account on Plaintiff's credit reports after being notified of the Plaintiff's dispute regarding the late payment notations.

124.     As a result of the conduct, action and inaction of the Defendant FTB, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

125.     The conduct, action and inaction of Defendant FTB was willful, rendering Defendant FTB liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

126.     Plaintiffs is entitled to recover reasonable costs and attorney's fees from Defendant FTB in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant FTB for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### EIGHTH CAUSE OF ACTION

#### (Negligent Violation of the FCRA as to Defendant FTB)

127.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

128.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

129.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

130.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

131.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

132.     Defendant FTB is liable to Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

133.     After receiving the Dispute Notices from Trans Union, Experian and Equifax, Defendant FTB negligently failed to conduct its reinvestigation in good faith.

134.     A reasonable investigation would require a furnisher such as Defendant FTB to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

135.     Plaintiff explained in detail that she made payments during the months in question, and further a reasonable investigation by Defendant FTB would have revealed the details of the loan modification and the payments made.

136.     The conduct, action and inaction of Defendant FTB was negligent, entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

137.     As a result of the conduct, action and inaction of the Defendant FTB, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

138.     Plaintiffs is entitled to recover reasonable costs and attorney's fees from the Defendant FTB in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff Daria Mileva demands judgment in her favor against Defendant FTB, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **DEMAND FOR TRIAL BY JURY**

139.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daria Mileva, individually and on behalf of all others similarly situated, demand judgment from each Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

c) Awarding Plaintiff and the Class for actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

d) Awarding Plaintiff and the Class for Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

e) Awarding Plaintiff and the Class or Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

f) Awarding Plaintiff and the Class for Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

g) Awarding Plaintiff and the Class for attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

h) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: January 7, 2020

/s/ Yaakov Saks
**Stein Saks, PLLC**
By: Yaakov Saks
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 101
ysaks@steinsakslegal.com